NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIMI EVANS,<br><br>                *Plaintiff*,<br>   v.<br><br>CATHOLIC RELIEF SERVICES, LISA SIGNORELLI, and MARK MELIA,<br><br>                *Defendants*. | Civil No.: 2:18-cv-13537 (KSH) (CLW)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

### I.     Introduction

This matter comes before the Court on the motion (D.E. 30) of plaintiff Mimi Evans for reconsideration of the Court's order granting defendants' motion to transfer this action to the United States District Court for the District of Maryland. For the reasons set forth below, the motion will be denied.

### II.    Background

Evans's factual allegations and the procedural history of this matter are set forth in more detail in the Court's June 10, 2019 opinion (D.E. 26, 6/10/19 Opinion). Briefly, Evans alleges that her employment with defendant Catholic Relief Services was terminated in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* Her complaint, originally filed in Bergen County Superior Court, was removed to this Court in September 2018. Simultaneously with removal, defendants moved to dismiss individual defendants Lisa Signorelli and Mark Melia for lack of personal jurisdiction and to transfer this case to the District of Maryland pursuant to 28 U.S.C. § 1404(a). After conceding in her opposition to the motion that

the Court lacked jurisdiction over Melia, Evans dismissed him as a defendant in March 2019. (*See* D.E. 21.)

The Court granted the motion to transfer venue and declined to rule on the request to dismiss Signorelli, the remaining individual defendant. (6/10/19 Opinion; D.E. 27, 6/10/19 Order.) After determining that the forum defendants proposed was an appropriate one, *i.e.*, that venue would be properly laid there and the District of Maryland would possess jurisdiction, the Court evaluated the private and public interest factors pursuant to *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), and held that, on balance, they favored transfer.

In this motion, Evans contends that the Court erred in its application of several *Jumara* factors. (D.E. 30, Moving Br.) Defendants counter that she fails to meet the standard for reconsideration and is improperly attempting to relitigate matters the Court previously addressed. (D.E. 35, Opp. Br.)[1]

### III.    Standard of Review

Evans's motion for reconsideration is governed by L. Civ. R. 7.1(i), which allows an aggrieved party to seek reconsideration where the party believes the Court has overlooked information or controlling law. The movant must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is considered an "'extraordinary remedy'" to be granted "'sparingly.'" *Fannie Mae v. Dubois*, 2019 U.S. Dist. LEXIS 208791, at *6 (D.N.J. Dec. 4,

---

[1] Evans has appealed the Court's June 10, 2019 order. The appeal is stayed pending the disposition of her motion for reconsideration. (D.E. 32.)

2

2019) (Vazquez, J.) (quoting *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). It is not warranted simply because a party disagrees with a decision, nor is a motion for reconsideration a proper vehicle for rearguing matters that were or could have been raised prior to the Court's ruling. *Id.* The movant must "present 'something new or something overlooked by the court in rendering the earlier decision.'" *Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2010) (Rodriguez, J.) (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)). "Overlooked" refers "only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered." *Id.*

## IV.  Discussion

Evans moves for reconsideration on the grounds that the Court's order "was a clear error of law and will result in manifest injustice" to her. (Moving Br. 1.) She claims that the Court should have deferred to her choice of forum, that the operative events took place in New Jersey, that this is a New Jersey controversy because she is located here, and that the Court erred in "applying the standard of whether Maryland Judges are familiar with the NJLAD." (*Id.*) These arguments represent a disagreement with how the Court evaluated and balanced the *Jumara* factors, and are not a proper basis for seeking reconsideration. *Accord DeLalla v. Hanover Ins.*, 2010 U.S. Dist. LEXIS 104323, at *7 (D.N.J. Sept. 30, 2010) (Kugler, J.) (denying reconsideration of order transferring venue where plaintiffs disagreed with Court's transfer analysis and merely sought "a second bite at the proverbial apple").

With respect to the *Jumara* factor concerning the plaintiff's choice of forum, Evans relies on the same facts that appeared in her opposition to the motion to transfer venue. The only case law she cites, a 2011 district court opinion that granted a transfer motion, actually undermines her argument: the court there concluded that the plaintiff's chosen forum was "not entitled to any

3

special deference" and was given "slight weight." (*See* Moving Br. 6-7 (citing *Travelodge Hotels, Inc. v. Perry Developers, Inc.*, 2011 U.S. Dist. LEXIS 134478, at *11 (D.N.J. Nov. 22, 2011).) In substance, Evans disagrees with the Court's reasoning for not weighing this factor more heavily in applying the balancing test. She similarly disagrees with how the Court weighed the *Jumara* factors generally. (Moving Br. 7-8.) She points to nothing new and nothing overlooked, and her argument does not warrant reconsideration. *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) ("A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through—rightly or wrongly.'" (citation omitted)).

Evans's argument concerning the location of the operative facts similarly falls short. In opposing the motion to transfer, she contended "all of the important events happened in N[ew] [J]ersey." (D.E. 10 at 10.) The Court rejected that argument. (6/10/19 Opinion at 8-9.) In seeking reconsideration, Evans argues that one of the cases the Court cited, *Hytera Commc'ns Corp. Ltd. v. Motorola Sols., Inc.*, No. 1712445, 2018 WL 7108018 (D.N.J. Dec. 6, 2018), is factually distinguishable. She also appears to argue that *Hytera's*, and by extension, this Court's focus on where the allegedly culpable conduct took place rather than the location of its effects is "flawed" and inconsistent with the goals of the NJLAD. (Opp. Br. 9.) But this policy argument, which is unaccompanied by citations to controlling authority (or for that matter, any authority), does not compel a different result, nor is it particularly persuasive in view of her concession that Maryland "may" have a law akin to the NJLAD. (*Id.*)

With respect to the *Jumara* factor considering the local interest in deciding local controversies at home, the Court considered the fact that Evans worked from a home office in New Jersey but concluded that her allegations tethered this controversy more closely to

4

Maryland. (6/10/19 Opinion at 13.) Evans simply disagrees, which, again, is insufficient. Moreover, the authority she cites is neither controlling nor apposite.[2]

Finally, Evans previously argued that a judge in this district is likely more "knowledgeable and adept" with respect to the NJLAD. (D.E. 10 at 16.) Despite that argument, the Court concluded that this factor did not weigh against transfer. (6/10/19 Opinion at 13.) Evans, citing a handful of district court cases, resurrects the issue again in what amounts to an unpersuasive request for the Court to rethink what it has already considered. *See Oritani*, 744 F. Supp. at 1314.

## V.　　**Conclusion**

Evans's motion for reconsideration is denied. An appropriate order will issue.

Date: January 29, 2020

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J

---

[2] *Gundecha v. Board of Review*, 441 N.J. Super. 339 (N.J. Super. Ct. App. Div. 2015), considered where an employee was located for purposes of determining the proper state in which she would be entitled to unemployment benefits. *Peikin v. Kimmel & Silverman, P.C.*, 576 F. Supp. 2d 654 (D.N.J. 2008), involved a non-New Jersey plaintiff alleging discriminatory conduct occurring outside of New Jersey by a non-New Jersey employer; in other words, all relevant connections were with one forum, which was the same place the plaintiff worked. *Consolidated Parlodel Litig.*, 22 F. Supp. 2d 320 (D.N.J. 1998), was a pharmaceutical case with only "remote" connections to New Jersey.